No. 105,991

STATE OF KANSAS, *Appellee*, v. STEVE MOSES, *Appellant*.

(297 P.3d 1174)

Opinion filed April 5, 2013.

*Michael J. Bartee*, of Michael J. Bartee, P.A., of Olathe, and *Steve Moses*, pro se, were on the briefs for appellant.

*Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

NUSS, C.J.: Steve Moses directly appeals the district court's summary denial of his motion to withdraw his guilty pleas. We affirm the court's denial because Moses' motion was untimely.

## FACTS

In 1992, the State charged Steve Moses with first-degree murder and aggravated robbery for the strangulation death of his 81-year-old next-door neighbor. Later that year he filed a petition to enter a guilty plea to both charges. At the time of his plea bargain, Moses

was represented by John Duma. In return for entering a plea, the State agreed not to seek the hard 40 sentence.

The district court accepted Moses' pleas that same day. He was later sentenced to life imprisonment on the first-degree murder conviction and 15 years to life on the aggravated robbery conviction. The sentences were ordered to run consecutive to each other and consecutive to sentences imposed in two cases by the State of Arkansas for which Moses had been on parole at the time of the neighbor's death.

Approximately 12 years later, after an unsuccessful habeas petition under K.S.A. 60-1507 and an unsuccessful motion to correct an illegal sentence under K.S.A. 22-3504, Moses filed a pro se motion to withdraw his guilty pleas under K.S.A. 2004 Supp 22-3210. In the memorandum of law supporting his June 25, 2004, motion, Moses primarily argued that he should have been allowed to withdraw his pleas because the district court did not advise him of various constitutional rights in open court contrary to the mandate of K.S.A. 2004 Supp. 22-3210(a)(3). Moses' appointed counsel, Patrick D'Arcy, filed a supplemental memo making substantially the same legal arguments. The district court denied his motion, and we affirmed that court in *State v. Moses*, 280 Kan. 939, 127 P.3d 330 (2006) (*Moses I*).

On May 20, 2010, approximately 4 years after we issued our opinion in *Moses I*, Moses filed a second motion to withdraw pleas. He primarily argued that counsel D'Arcy was ineffective in arguing Moses' first motion to withdraw pleas. He also alleged he told his trial attorney, Duma, that he wanted to go to trial and that his pleas were not voluntarily made. Based primarily on *Moses I*, the district court summarily denied Moses' second motion to withdraw pleas. Moses timely appealed, invoking our jurisdiction under K.S.A. 22-3601(b).

## ANALYSIS

Generally, we review for abuse of discretion a district court decision to deny a postsentence motion to withdraw plea under K.S.A. 2012 Supp. 22-3210(d)(2). *State v. Bricker*, 292 Kan. 239, 244, 252 P.3d 118 (2011). But Moses' motion was summarily de-

nied without argument and additional evidence. So we apply the same procedures and accompanying standards of review used in cases involving K.S.A. 60-1507. See *State v. Jackson*, 255 Kan. 455, 459, 874 P.2d 1138 (1994) ("The K.S.A. 60-1507 procedure governing hearings should apply to motions to withdraw guilty plea filed after imposition of sentence."). And we exercise de novo review because we "have the same access to the motion, records, and files as the district court." *State v. Neal*, 292 Kan. 625, 629, 258 P.3d 365 (2011). Like the district court, we must determine whether Moses' "motion, records, and files conclusively show that he is entitled to no relief." See *Neal*, 292 Kan. at 629.

In Moses' brief he argues that his counsel D'Arcy was ineffective when D'Arcy argued Moses' first motion to withdraw pleas. But we do not address the merits of his argument because his second motion to withdraw pleas was untimely filed and is procedurally barred.

Moses filed his second motion to withdraw pleas on May 20, 2010. On April 16, 2009, the legislature amended K.S.A. 22-3210 to require that a motion to withdraw plea be brought within 1 year of alternate occurrences:

"(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (B) the denial of a petition for a writ of certiorari to the United States [S]upreme [C]ourt or issuance of such court's final order following the granting of such petition." K.S.A. 2009 Supp. 22-3210(e)(1).

We have previously determined that the time began to run for preexisting claims on the date the statute became effective: April 16, 2009. *State v. Szczygiel*, 294 Kan. 642, 644, 279 P.3d 700 (2012). So Moses had until April 16, 2010, to file his motion to withdraw pleas. But he filed outside that time frame. We acknowledge the district court may extend the time limitation "upon an additional, affirmative showing of excusable neglect by the defendant." See K.S.A. 2009 Supp. 22-3210(e)(2). But Moses does not attempt to make an affirmative showing of his excusable neglect. His motion to withdraw pleas is therefore untimely and procedurally barred.

Affirmed.