NOT DESIGNATED FOR PUBLICATION

No. 113,854

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICKY STEVENSON,
*Appellant*.


MEMORANDUM OPINION


Appeal from Shawnee District Court; MARK S. BRAUN, judge. Opinion filed October 21, 2016. Affirmed.


*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.


*Jodi Litfin*, assistant district attorney, *KayeLee Rogers*, legal intern, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., POWELL, J., and STUTZMAN, S.J.


*Per Curiam*:  Ricky Stevenson appeals the district court's denial of his motion to withdraw plea filed well beyond the 1-year time limitation for such motions. Because Stevenson failed to make an affirmative showing of excusable neglect to justify the untimely filing of his motion, the district court summarily denied it without an evidentiary hearing. On appeal, Stevenson argues that due process required the district court to appoint counsel to assist him in establishing excusable neglect. We agree with the district court that no evidentiary hearing was necessary and affirm.

1

In September 2000, Stevenson was charged, among other things, with fleeing or attempting to elude a police officer, a severity level 9 person felony in violation of K.S.A. 8-1568. Less than 6 months later, in February 2001, Stevenson pled no contest to this charge in exchange for the dismissal of other charges. During the plea hearing, Stevenson's attorney recited the terms of the plea agreement; upon questioning by the judge, Stevenson indicated he understood the terms of the plea agreement. After a colloquy between Stevenson and the district court concerning the rights Stevenson was giving up, Stevenson was asked whether he had any questions and whether he wanted the charge read back him. Stevenson replied that he had no questions and that he understood. The court accepted Stevenson's plea.

On April 13, 2001, Stevenson was sentenced to an underlying 7-month prison term but was granted probation for 12 months. However, the sentencing journal entry listed his offense as a severity level 9 "nonperson" felony. Stevenson did not appeal his original conviction. On December 11, 2003, Stevenson's probation was revoked due to his conviction for a new crime. He did appeal the revocation of his probation but withdrew that appeal on February 27, 2004. Over 10 years later, on September 10, 2014, Stevenson filed his present motion to withdraw plea, seeking dismissal of his case because of errors committed by defense counsel, the prosecutor, and the district court concerning whether the offense to which Stevenson pled was a person or nonperson felony.

In a memorandum decision, the district court found that while the original complaint and presentence investigation report indicated that the offense was a severity level 9 person felony, the journal entry of sentencing for both Stevenson's original conviction and the revocation of his probation mistakenly indicated the offense was a nonperson felony. The district court noted that according to the statute in place at the time, fleeing or eluding police was either a nonperson misdemeanor or a person felony

but found that the distinction between the two classifications did not affect Stevenson's sentence and would only be relevant in any subsequent cases he might have. Nonetheless, the district court ultimately denied Stevenson's motion without an evidentiary hearing, finding that Stevenson had filed his motion more than 1 year after appellate jurisdiction had terminated and that he had not made an affirmative showing of excusable neglect.

Stevenson timely appeals.

### DID THE DISTRICT COURT ERR IN SUMMARILY DENYING STEVENSON'S UNTIMELY MOTION TO WITHDRAW PLEA WITHOUT APPOINTING COUNSEL TO ASSIST HIM?

Stevenson argues that due process required the district court to appoint an attorney to assist him in making an affirmative showing of excusable neglect. He asks that the district court's denial of his motion be reversed and the matter be remanded for the appointment of counsel.

When a district court summarily denies a postsentence motion to withdraw plea without argument or an evidentiary hearing, we apply a de novo standard of review. *State v. Kelly*, 298 Kan. 965, 969, 318 P.3d 987 (2014). De novo review is possible because an appellate court "has the same access to the motion, records, and files as the district court, and it determines whether the motion, records, and files conclusively show that the defendant is entitled to no relief." *State v. Fritz*, 299 Kan. 153, 155, 321 P.3d 763 (2014).

K.S.A. 2015 Supp. 22-3210(e)(1) provides that a postsentence motion to the withdraw plea

> "must be brought within one year of: (A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (B) the denial of a petition for a writ of certiorari to the United States

3

supreme court or issuance of such court's final order following the granting of such petition."

The deadline to bring such a motion, however, may be extended "upon an additional, affirmative showing of excusable neglect by the defendant." K.S.A. 2015 Supp. 22-3210(e)(2). If a defendant fails to make that necessary showing, the motion is untimely and procedurally barred. See *State v. Moses*, 296 Kan. 1126, 1128, 297 P.3d 1174 (2013).

In this case, Stevenson was sentenced on April 13, 2001, and he did not appeal the original conviction. According to K.S.A. 2015 Supp. 22-3210(e)(1), Stevenson had 1 year from the day his time to appeal had expired to file his motion to withdraw plea. But he did not file his motion until September 10, 2014—more than 13 years after he was sentenced. Unfortunately, Stevenson did not mention excusable neglect in his motion. As a result, the motion was untimely and procedurally barred. See 296 Kan. at 1128.

Stevenson, however, seems to recognize that he did not make the required showing of excusable neglect and instead claims that the district court erred in not appointing him counsel to assist him in making an affirmative showing of excusable neglect, citing *State v. Baker*, No. 106,171, 2012 WL 5392094 (Kan. App. 2012) (unpublished opinion). In *Baker*, the defendant argued that he had a due process right to an evidentiary hearing in order to establish excusable neglect. The panel, citing *State v. Jackson*, 255 Kan. 455, 459, 874 P.2d 1138 (1994), held that an evidentiary hearing was not required if the motion failed to raise substantial issues of fact or law. 2012 WL 5392094, at *2. Stevenson argues that *Baker* was wrongly decided because the panel did not consider whether due process required the appointment of counsel to establish excusable neglect.

4

Interestingly, Stevenson does not cite the more recent case, *State v. Francisco*, No. 112,781, 2015 WL 7162243 (Kan. App. 2015) (unpublished opinion), in which the defendant urged this court to ignore his failure to make an affirmative showing of excusable neglect because he could have made such a showing "if only the trial court had provided him with counsel and given him an opportunity to argue excusable neglect at an evidentiary hearing." 2015 WL 7162243, at *2. The panel noted that our Supreme Court has held that a defendant who has moved to withdraw a plea is not automatically entitled to an evidentiary hearing and that summary denial of the motion is appropriate if the defendant does not raise a "'substantial question of law or triable issue of fact and the files and records conclusively show the defendant is not entitled to relief on the motion.'" 2015 WL 7162243, at *2 (quoting *Kelly*, 298 Kan. at 969). Ultimately, the panel held that by failing to make the proper showing, Francisco failed to prove he was entitled to an evidentiary hearing. 2015 WL 7162243, at *3.

Similarly, in this case, Stevenson was not automatically entitled to an evidentiary hearing or the appointment of counsel when he filed his motion to withdraw plea. With no additional affirmative showing of excusable neglect, Stevenson failed to prove he was entitled to either an evidentiary hearing or, as he claims, the appointment of counsel. Stevenson does not cite any authority indicating that a defendant has a due process right to counsel to assist with overcoming the procedural bar established by K.S.A. 2015 Supp. 22-3210(e)(2). Therefore, the district court did not err in summarily denying Stevenson's untimely motion to withdraw plea without an evidentiary hearing or the appointment of counsel.

Affirmed.