NOT DESIGNATED FOR PUBLICATION

No. 116,712

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KARLAN E. MCINTYRE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Pratt District Court; FRANCIS E. MEISENHEIMER, judge. Opinion filed March 2, 2018. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Clay A. Kuhns* and *Gaten T. Wood*, special prosecutors, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., SCHROEDER, J., and BURGESS, S.J.

PER CURIAM:  Karlan E. McIntyre appeals the denial of her postsentencing motion to withdraw her plea. Upon review of the record, we agree with the district court—McIntyre filed the motion out of time.  We affirm.

FACTS

In this case, the State originally charged McIntyre with aggravated indecent liberties with a child. In another case, it charged her with three drug crimes. McIntyre

entered a global plea agreement in the drug-related case and the State dismissed this case. McIntyre then filed a motion to withdraw her plea and the district court allowed her to withdraw her plea. The State then reinstated the charge in this case: aggravated indecent liberties with a child, an off-grid felony subject to life imprisonment with a mandatory minimum prison sentence of 25 years.

After extensive plea negotiations, the State amended the charge to aggravated solicitation of a child, a severity level 5 person felony. Both parties agreed to recommend durational and dispositional departures which would result in a recommended sentence of 24 months' imprisonment suspended to 24 months' supervised probation. McIntyre would also be required to register as a sex offender pursuant to the Kansas Offender Registration Act. The transcript of the plea hearing is 37 pages long and extensively covers the plea agreement and McIntyre's understanding of her rights and what she was doing. McIntyre pled no contest and was found guilty by the district court.

Prior to sentencing in this case, McIntyre filed another motion to set aside her plea. At sentencing, McIntyre withdrew her motion to set aside her plea and the district court honored the plea agreement by sentencing her to 24 months' imprisonment suspended to 24 months' supervised probation.

Approximately 18 months after being sentenced in this case, McIntyre filed a pro se motion to withdraw her plea. The district court appointed her new counsel and set the matter for a hearing.

After making extensive findings, the district court denied McIntyre's motion to withdraw her plea because it was not filed within one year of sentencing, and ignorance of the law was not excusable neglect.

ANALYSIS

"To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." K.S.A. 2017 Supp. 22-3210(d)(2). Generally, an appellate court will not disturb a district court's denial of a postsentence motion to withdraw a plea absent an abuse of discretion. *State v. Davisson*, 303 Kan. 1062, 1064-65, 370 P.3d 423 (2016). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

*The district court did not err because McIntyre did not show excusable neglect.*

A postsentence motion to withdraw a plea must be filed within one year of either: "The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or . . . the denial of a petition for a writ of certiorari to the United States supreme court or issuance of such court's final order following the granting of such petition." K.S.A. 2017 Supp. 22-3210(e)(1); see *State v. Moses*, 296 Kan. 1126, 1127-28, 297 P.3d 1174 (2013). This one-year time limitation may be extended only "upon an additional, affirmative showing of excusable neglect by the defendant." K.S.A. 2017 Supp. 22-3210(e)(2). Ignorance of the statute's existence or other assertions of ignorance of the law do not constitute excusable neglect under K.S.A. 2017 Supp. 22-3210(e)(2). *Davisson*, 303 Kan. at 1070.

McIntyre acknowledges she did not file her motion to withdraw a plea within one year of sentencing. However, she argues her failure to timely file was not because she was ignorant of the law. She contends her neglect was excusable because her attorney should have understood (we take that to mean he should have read her mind) that she wanted to withdraw her plea and should have assisted her. She asserts this is "akin to a

3

situation where a defendant asked her attorney to pursue an appeal and the attorney failed to do so," similar to *State v. Patton*, 287 Kan. 200, 223-25, 195 P.3d 753 (2008). Her argument is unpersuasive.

First, McIntyre seems to argue her counsel should have informed her she only had one year to file a postsentence motion to withdraw her plea. However, *Davisson* shuts the door on this argument. Ignorance of the law does not constitute excusable neglect under K.S.A. 2017 Supp. 22-3210(e)(2). *Davisson*, 303 Kan. at 1070.

Furthermore, as the district court noted, McIntyre clearly understood how to request the withdrawal of her plea. McIntyre had already moved to withdraw her plea twice before. First, in a pro se letter, she specifically requested "a new plea." After the district court allowed her to withdraw her guilty plea, McIntyre pled no contest. Then, at her request, McIntyre's counsel subsequently filed a presentence motion to withdraw the plea which McIntyre subsequently withdrew. The record indicates McIntyre knew how to communicate her desire to withdraw her plea; she did it twice before.

We find no indication in the record McIntyre wanted to withdraw her plea. McIntyre contacted the district court sometime after her sentencing to inquire about the status of her appeal. Her counsel was contacted by the district court. Her counsel advised her he did not file an appeal because she did not return the explanation of rights to appeal form requesting he file an appeal, though she lived at the address he mailed the form to. McIntyre returned the form on April 27, 2014, requesting her counsel file an *appeal*. Again, she did not indicate she wanted to withdraw her plea. On May 2, 2014, her counsel simply responded back: "You are too late." McIntyre took no other action until she mailed the district court an unsigned letter dated September 13, 2015, asking to withdraw her plea; upon request by the district court, she went in and signed the letter.

At the evidentiary hearing on McIntyre's motion to withdraw her plea, she presented no evidence showing her counsel was aware of her desire to withdraw her plea. She neither called her counsel as a witness nor testified herself. Although her son, Austin Alstatt, and his girlfriend, Tracee McCoy, testified that McIntyre often doubted her decision to enter a plea, neither testified she communicated that doubt to her attorney. Here, there is no indication McIntyre ever asked her attorney to withdraw her plea. McIntyre has not shown excusable neglect because, from the record before this court, she did not communicate her desire to withdraw her plea—despite clearly knowing how to communicate that desire—until more than one year after sentencing.

Affirmed.