NOT DESIGNATED FOR PUBLICATION

No. 117,758

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NATHAN A. LONGBINE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed June 29, 2018. Affirmed in part and dismissed in part.

*Carl Maughan*, of Maughan Law Group, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., MCANANY and BRUNS, JJ.

PER CURIAM: In 2009, Nathan Longbine pled guilty to attempted rape and attempted aggravated criminal sodomy. The district court sentenced him to 234 months in prison. Our Supreme Court summarily vacated the order for lifetime electronic monitoring but otherwise affirmed his sentence. *State v. Longbine*, No. 102,993 (order dated October 7, 2011) (unpublished).

In September 2012, Longbine filed a timely motion to withdraw his pleas. The district court summarily denied relief, and this court affirmed. *State v. Longbine*, No. 110,464, 2014 WL 5347344 (Kan. App. 2014) (unpublished opinion).

1

In November 2016, Longbine again moved to withdraw his pleas. The district court again summarily denied relief, and Longbine appeals.

On appeal we consider de novo the district court's summary denial of relief on Longbine's motion. See *State v. Fritz*, 299 Kan. 153, 154-55, 321 P.3d 763 (2014).

Under K.S.A. 2017 Supp. 22-3210(d)(2), "the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea" in order to prevent manifest injustice. Under K.S.A. 2017 Supp. 22-3210(e)(1), such a motion must be filed within one year of either:

> "(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (B) the denial of a petition for a writ of certiorari to the United States supreme court or issuance of such court's final order following the granting of such petition."

See *State v. Moses*, 296 Kan. 1126, 1127-28, 297 P.3d 1174 (2013). Under K.S.A. 2017 Supp. 22-3210(e)(2), this one-year time limitation may be extended only "upon an additional, affirmative showing of excusable neglect by the defendant." When the defendant fails to show excusable neglect, the motion is untimely and procedurally barred. *State v. Williams*, 303 Kan. 605, 607-08, 366 P.3d 1101 (2016). Ignorance of the statute's existence or other assertions of ignorance of the law do not constitute excusable neglect under K.S.A. 2017 Supp. 22-3210(e)(2). *State v. Davisson*, 303 Kan. 1062, 1069-70, 370 P.3d 423 (2016).

The one-year limitation period for Longbine's motion began to run on October 7, 2011. K.S.A. 2017 Supp. 22-3210(d). Longbine's current motion was filed many years after the limitation period expired, so he had to show excusable neglect. K.S.A. 2017 Supp. 22-3210(e)(2). But he failed to assert any reason to excuse his late filing which

2

would constitute excusable neglect. Instead, he simply stated that applying the one-year limitation period would "clearly be unfair, shocking and unconstitutional." This is not excusable neglect. The district court did not err in summarily denying Longbine's motion for failure to provide any facts that would constitute excusable neglect for his late filing. See *Williams*, 303 Kan. at 608.

But Longbine argues without any authority that because he was proceeding pro se in filing his motion, the court should have appointed counsel for him at this stage of the proceedings. Longbine's failure to support this point with pertinent authority or to show why his point is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. See *State v. Murray*, 302 Kan. 478, 486, 353 P.3d 1158 (2015). The issue has been abandoned and, therefore, is dismissed. Besides, his argument lacks merit: the appointment of counsel was not necessary at this stage in the proceedings. See *State v. Jackson*, 255 Kan. 455, Syl. ¶ 4, 874 P.2d 1138 (1994).

Finally, Longbine contends his motion should have been treated as a motion to arrest judgment under K.S.A. 22-3503. But as stated in *State v. Sellers*, 301 Kan. 540, 547, 344 P.3d 950 (2015), "K.S.A. 22-3503 is not a procedural vehicle that supports a defense motion for arrest of judgment long after a direct appeal has been pursued and decided. It is meant to permit a district judge to arrest judgment *sua sponte* before a direct appeal is taken." Longbine's motion was filed about seven years after he initiated his direct appeal. We are not persuaded by his argument based on K.S.A. 22-3503. The district court did not err in summarily dismissing Longbine's November 2016 motion to withdraw his pleas.

Affirmed in part and dismissed in part.