NOT DESIGNATED FOR PUBLICATION

No. 118,971

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN E. GOODPASTURE JR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Atchison District Court; ROBERT J. BEDNAR, judge. Opinion filed December 7, 2018. Affirmed.

*John J. Bryant*, of Bryant Law Office, of Lawrence, for appellant.

*Gerald R. Kuckelman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., LEBEN and BRUNS, JJ.


PER CURIAM:  John E. Goodpasture Jr. appeals from the denial of his motion to withdraw plea in an 18-year-old criminal case. In 2001, Goodpasture—who had been charged with first-degree murder—entered into a plea agreement and pleaded no contest to conspiracy to commit aggravated battery. His probation was revoked for a second time in 2002 and the district court ordered him to serve his underlying sentence of 16 months in prison. About 10 years after he had completed his sentence, Goodpasture filed a motion to withdraw his plea. The district court denied the motion. Based on our review of the record, we conclude that the district court did not abuse its discretion in denying Goodpasture's motion to withdraw plea. Thus, we affirm.

1

In 2000, the State charged Goodpasture with first-degree murder in Atchison County. At the same time, the State also charged Lisa Boldridge, Gary Skeen, and Kirk Wilson with first-degree murder. All of the charges arose from the homicide of Lisa's former husband—Kurt Boldridge—who was shot in the head at close range with a shotgun while he was sleeping at his home in March 2000. Prior to trial, Goodpasture entered into a plea agreement in which he agreed to testify against his codefendants in exchange for the State reducing the charges brought against him. See *State v. Boldridge*, 274 Kan. 795, 797-98, 57 P.3d 8 (2002).

On May 18, 2001, Goodpasture entered a plea of no contest to the amended charge of conspiracy to commit aggravated battery. The district court sentenced Goodpasture to 16 months in prison but placed him on probation. On September 20, 2002, the district court revoked Goodpasture's probation, ordered him to serve 60 days in jail, and reinstated his probation. After a second probation violation, the district court again revoked Goodpasture's probation. On this occasion, the district court ordered him to serve his underlying sentence. Although the exact date is unclear, it is undisputed that Goodpasture completed his sentence in this case in 2006.

On February 16, 2016, Goodpasture—who is currently serving a life sentence in an unrelated case—filed a pro se motion to withdraw his plea in this case. In his motion, Goodpasture admitted that he had "no witnesses to support his claims." Nevertheless, he asserted "that his involvement [in Boldridge's murder] was totally under duress" because he feared that Wilson and Skeen would kill him if he did not participate. Goodpasture also claimed that he was "forced . . . to enter into a plea, by coercion of threats to convict him of a murder he had not committed . . . ." Goopasture later filed a "Letter of Intent" in which he set forth additional allegations in support of his motion.

On March 7, 2017, the district court held a hearing on Goodpasture's motion to withdraw plea. Goodpasture appeared at the hearing in person and with his appointed counsel. Goodpasture's counsel advised the district court that his client wished to submit the motion on the written submissions. The district court then asked Goodpasture if he would like to testify or present evidence. Yet he declined the opportunity to do so. Accordingly, the district court took the matter under advisement and granted the parties seven days to file supplemental briefs.

Goodpasture filed a supplemental memorandum on March 23, 2017. The supplemental memorandum mentions an "Exhibit 'A'" that is purportedly attached. Although the exhibit is identified as an affidavit signed by Goodpasture's daughter, this document is not included in the record on appeal. Five days later, the district court issued a written decision denying Goodpasture's motion to withdraw plea.

In its opinion, the district court found that the filing of the motion to withdraw plea was untimely. The district court also found that Goodpasture had failed to show why the deadline for filing the motion should be extended. In addition, the district court noted that Goodpasture "did not request to present any evidence on the issue of withdrawing his plea" despite being given the opportunity to do so.

Turning to the merits, the district court found Goodpasture had admitted that he understood his rights when he entered his plea. In making this finding, the district court quoted the following section from the transcript of Goodpasture's plea hearing:

"THE COURT: Has anyone forced you in any way to enter this plea?
"DEFENDANT: No, sir.
"THE COURT: Has anyone made any promises or threats to get you to enter this plea?
"DEFENDANT: No, sir.

. . . .

3

"THE COURT: Are you under the influence of any kind of medication, any kind of drug, anything that could affect your ability to understand what is taking place today?
"DEFENDANT: No, sir.

. . . .

"THE COURT: Mr. Campbell appears with you as your attorney. Have you had enough time to visit with him about the case?
"DEFENDANT: Yes, Sir.
"THE COURT: Have his services been satisfactory to you?
"DEFENDANT: Yeah, yes, sir."

The district court concluded that Goodpasture failed to provide any support for his allegations regarding "(1) the competency of his counsel; (2) whether he was misled, coerced mistreated, or unfairly taken advantage of, and (3) whether the plea was fairly and understandingly made."

## ANALYSIS

The sole issue presented by Goodpasture on appeal is whether "the district court erred when it denied [his] motion to withdraw his plea because counsel's representation was ineffective." In response, the State contends that the district court appropriately denied Goodpasture's motion to withdraw plea. In particular, the State argues that "the motion was not filed within the time limit set forth in K.S.A. [2017 Supp.] 22-3210(e)(1) and that Goodpasture has failed to show 'excusable neglect' as required by K.S.A. [2017 Supp.] 22-3210(e)(2). The State also argues that Goodpasture's plea was freely and voluntarily entered. Furthermore, the State argues that Goodpasture has failed to come forward with any evidence of manifest injustice to justify the withdrawal of his plea.

A motion to withdraw a guilty plea filed after sentencing is subject to a manifest injustice standard. K.S.A. 2017 Supp. 22-3210(d)(2) ("To correct manifest injustice the

4

court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea."). We review a district court's dismissal of such a postsentence motion for abuse of discretion. *State v. Davisson*, 303 Kan. 1062, 1064-65, 370 P.3d 423 (2016) (citing *State v. Szczygiel*, 294 Kan. 642, 643, 279 P.3d 700 [2012]). Judicial discretion is only abused if judicial action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Beaman*, 295 Kan. 853, 865, 286 P.3d 876 (2012). The movant—in this case Goodpasture—bears the burden to prove the district court abused its discretion in dismissing the motion. See *State v. Bricker*, 292 Kan. 239, 244, 252 P.3d 118 (2011).

Before we reach the merits of Goodpasture's motion to withdraw plea, we will first address its timeliness. K.S.A. 2017 Supp. 22-3210(e)(1) provides that any action to withdraw a plea must be brought within one year of "[t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction" or "the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following the granting of such petition." Under K.S.A. 2017 Supp. 22-3210(e)(2), this time limit "may be extended by the court only upon an additional, affirmative showing of excusable neglect by the defendant."

Although the Kansas Legislature added the one-year filing deadline in 2009, the amendment did not address motions to withdraw pleas that had not yet been filed by defendants who were sentenced prior to the enactment of the time limitation. However, the Kansas Supreme Court did address the issue in *State v. Moses*, 296 Kan. 1126, 1128, 297 P.3d 1174 (2013). In *Moses*, our Supreme Court held that defendants with preexisting claims had until April 16, 2010—one year after the statutory amendment became effective—to file a motion to withdraw plea. 296 Kan. at 1128.

Here, Goodpasture did not file his motion until well after the deadline established in *Moses*. As a result, Goodpasture was required to make an affirmative showing of excusable neglect justifying his late filing. Based on our review of the record on appeal, we find that Goodpasture has made no attempt to show excusable neglect. In fact, there is no mention of excusable neglect in his motion to withdraw plea or in his other written submissions filed with the district court. Likewise, in his brief filed with this court, Goodpasture simply mentions excusable neglect in passing as part of the standard of review before moving into his manifest injustice argument. Thus, we conclude that Goodpasture has failed to make an "affirmative showing of excusable neglect" to support the extension of the deadline to file his motion as required by K.S.A. 2017 Supp. 22-3210(e)(2).

Even if Goodpasture had shown excusable neglect to justify the untimely filing of his motion to withdraw his plea, we do not find that the district court abused its discretion in denying his motion. Based on our review of the record on appeal, we do not find that the district court acted in an arbitrary, fanciful, or unreasonable manner; that it erred as a matter of law; or that it based its decision on an error of fact. Instead, we find that the district court appropriately held a hearing on the motion, gave Goodpasture the opportunity to testify or present additional evidence, and allowed him to submit written arguments following the hearing.

As indicated above, the supplemental memorandum filed by Goodpasture following the hearing suggests that an affidavit from his daughter was attached. Yet no such affidavit is included in the record on appeal. Goodpasture also refers to a statement by one of his codefendants in the supplemental memorandum. Once again, no such statement is in the record on appeal. As our Supreme Court has held: "'An appellant has the duty to designate a record sufficient to establish the claimed error. Without an adequate record, the claim of alleged error fails.'" *State ex rel. Stovall v. Alivio*, 275 Kan. 169, 172, 61 P.3d 687 (2003).

6

Although Goodpasture alleges that he was "coerced" into signing the plea agreement, he does not offer anything of evidentiary value to support this allegation. Based on our review of the record, we find evidence to support the district court's conclusion that Goodpasture freely and voluntarily entered his plea in this case. In particular, a review of the transcript of the plea hearing reveals that the district court advised Goodpasture of his rights and he knowingly waived them in order to receive the benefit of a substantially reduced charge.

We also note that Goodpasture has failed to offer anything of evidentiary value to support a violation of his rights under the factors set forth in *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). We find nothing in the record on appeal to support an allegation that Goodpasture was represented by incompetent counsel when he entered his plea, that he was misled, coerced, mistreated, or unfairly taken advantage of in entering his plea, or that his plea was not fairly and understandingly made. See *Bricker*, 292 Kan. at 244. Instead, we find Goodpasture's arguments to be conclusory and insufficient to establish manifest injustice.

Finally, to the extent that Goodpasture's brief on appeal claims that the attorney who represented him on the motion to withdraw plea was ineffective, we find that this issue is not properly before us. Goodpasture did not raise this issue at the motion hearing or in his written submissions to the district court. Because the issue was not raised before the district court, we will not consider for the first time on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014).

We, therefore, do not find that the district court abused its discretion in denying Goodpasture's motion to withdraw plea.

Affirmed.