NOT DESIGNATED FOR PUBLICATION

No. 119,326

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CLINTON E. RIFE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; JEFFRY J. LARSON, judge. Opinion filed April 12, 2019.
Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Amy L. Aranda*, first assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., BUSER and STANDRIDGE, JJ.

PER CURIAM: On October 26, 2012, Clinton E. Rife pled guilty to aggravated indecent liberties with a child in violation of K.S.A. 21-5506(b)(3)(A) and (c)(3), an off-grid, person felony. About five years later, on January 25, 2018, Rife filed a motion to withdraw the plea. The district court summarily denied the motion because it was untimely and Rife failed to show how excusable neglect caused the untimely filing. Rife appeals the summary denial.

1

Rife was charged with aggravated indecent liberties with a child in case 11-CR-502 and aggravated indecent liberties involving the same child in case 12-CR-243. In return for pleading guilty to one count of aggravated indecent liberties with a child in the 2011 case, the State dismissed the identical charge in the 2012 case.

By entering the guilty plea, Rife acknowledged that he had reviewed the plea agreement and had discussed the facts and circumstances with his counsel. Rife stated he was satisfied that his attorney had sufficient time to conduct a thorough investigation of the case and he had no complaints regarding the adequacy of his attorney's representation. The district court informed Rife of the potential imposition of a 25 years to life sentence under Jessica's Law, and Rife responded that he understood the possible sentencing consequences of his plea. Rife informed the district court that he had sufficient time to consider the plea offer and he was sure that he wanted to plead guilty. Rife also stated that he was not under the influence of any drugs or alcohol and he had not been coerced into accepting the plea.

The district court accepted Rife's plea and found him guilty of aggravated indecent liberties with a child. Rife was sentenced to life in prison with eligibility for parole after 25 years. Our court affirmed the conviction on April 25, 2014, in *State v. Rife*, No. 109,732, 2014 WL 1707822 (Kan. App. 2014) (unpublished opinion), *rev. denied* 301 Kan. 1051 (2015).

Almost three years later, on January 25, 2018, Rife filed a pro se motion to withdraw his plea. In support of the motion, Rife contended: (1) he was under duress and mental strain due to the adjustment of medications during the court proceedings and counsel neglected to schedule a mental examination which resulted in the State having an unfair advantage over Rife; (2) he was not allotted the proper amount of time to consider

the plea and he was rushed into accepting it; and (3) he was unable to contact or otherwise communicate with his counsel.

The district court summarily denied the motion. In particular, it found Rife's motion was untimely under K.S.A. 2018 Supp. 22-3210(e)(1). The district court noted that the statute allows the court to extend the one-year period when a defendant makes an affirmative showing of excusable neglect. However, the district court found Rife's motion was "completely void of any information that could be construed as excusable neglect. The statute of limitations has run on the defendant's ability to seek withdrawal of his plea and it is therefore denied." Rife filed a timely notice of appeal.

SUMMARY DENIAL OF MOTION TO WITHDRAW PLEA

On appeal, Rife contends the district court erred in summarily denying his motion to withdraw plea. Rife candidly concedes his motion was untimely under K.S.A. 2018 Supp. 22-3210(e)(1). But he claims that he "entered a plea under duress while dealing with mental and emotional issues. Those issues constitute manifest injustice to allow his motion to withdraw his plea be heard on the merits even though it was filed outside the one-year window of K.S.A. 2018 Supp. 22-3210(e)." Rife admits he did not specifically use the term "excusable neglect" in his motion, but he argues "[w]hile not specifically using the language excusable neglect, the substance of the motion shows there was excusable neglect to allow for the late filing of the motion." Rife also asserts our court should liberally construe his motion because he filed it pro se.

Our standard of review provides that we exercise de novo review when the district court summarily denies a postsentence motion to withdraw plea. *State v. Moses*, 296 Kan. 1126, 1128, 297 P.3d 1174 (2013). Appellate courts evaluate a postsentence motion to withdraw plea to independently determine whether the motion and records conclusively establish that the defendant is not entitled to relief. 296 Kan. at 1128. In this regard,

3

"[t]he movant bears the burden of alleging facts adequate to warrant a hearing." *State v. Kelly*, 298 Kan. 965, 969, 318 P.3d 987 (2014). Mere conclusions are insufficient. 298 Kan. at 969.

Under K.S.A. 2018 Supp. 22-3210(d)(2), the district court may permit a defendant to withdraw a plea after sentencing to correct manifest injustice. The defendant must file the motion to withdraw within one year of either:

> "(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (B) the denial of a petition for a writ of certiorari to the United States supreme court or issuance of such court's final order following the granting of such petition." K.S.A. 2018 Supp. 22-3210(e)(1).

The one-year period may only be extended upon an "affirmative showing of excusable neglect by the defendant." K.S.A. 2018 Supp. 22-3210(e)(2). Our court has defined "excusable neglect" as:

> "'A failure—which the law will excuse—to take some proper step at the proper time (esp. in neglecting to answer a lawsuit) not because of the parry's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance or accident or because of reliance on the care and vigilance of the party's counsel or on a promise made by the adverse party.' Black's Law Dictionary 1133 (9th ed. 2009)." *State v. Phol*, No. 109,964, 2014 WL 2225354, at *2 (Kan. App. 2014) (unpublished opinion).

Returning to the case on appeal, our court affirmed Rife's conviction on direct appeal on April 25, 2014, and our Supreme Court denied review on March 12, 2015. Rife did not file his motion to withdraw plea until almost three years later—on January 25, 2018. Because the motion was filed beyond the permissible one-year period, Rife was

4

required to allege and show excusable neglect in order to prevent summary dismissal of the motion.

At the outset, Rife's motion did not mention or address the untimeliness issue. Instead, the motion only addressed the merits of his claim. This omission is important. Past appellate courts have affirmed a district court's summary denial of a motion to withdraw plea when the defendant did not attempt to show excusable neglect. For example, in *Moses*, our Supreme Court held, "Moses does not attempt to make an affirmative showing of his excusable neglect. His motion to withdraw pleas is therefore untimely and procedurally barred." *Moses*, 296 Kan. at 1128. Given that the merits of Rife's excusable neglect claim on appeal are straightforward and easily addressed, however, we will proceed with the analysis.

In support of his excusable neglect claim, Rife asserts that because he "noted his mental strain and duress at the time of the plea. . . . his mental illness *could have* caused the delay in filing his current motion" and "[t]his *could be* a basis not only to establish excusable neglect, but also manifest injustice warranting the withdrawal of his plea." (Emphasis added.) For relief, Rife requests an evidentiary hearing.

Rife's argument for excusable neglect is based on speculation. He simply contends that the mental strain and distress he had at the time of his plea on October 26, 2012, *could have* continued unabated through the last day permitted to timely file his motion to withdraw plea on March 12, 2016. As stated, this argument assumes, but does not show, that Rife's claimed mental strain and distress at the time of his plea was of such severity that it persisted for over three years. Moreover, in his motion and on appeal, Rife has presented no facts to support such conjecture.

Moreover, the record is bereft of evidence that Rife was under actual mental strain and distress at the time of his plea. Although his motion attributes his mental condition to

5

the adjustment of unknown medications, Rife's motion and appellate brief do not identify the medications in question, and our independent review of the plea colloquy reveals that Rife's answers were appropriate, understandable, and responsive to the district court's inquiries. Of note, at sentencing, Rife's counsel argued that he was suffering from severe emotional distress—primarily depression—when he committed the offense, however, defense counsel did not contend that Rife was suffering from mental strain and distress at the time he entered his plea of guilty. Of course, assuming that Rife's medications were not properly adjusted as of the date of his plea, Rife still has not presented any information explaining why his condition would have continued unabated for more than three years, such that he was unable to file a timely motion to withdraw plea.

Rife relies on *State v. Woods*, No. 105,728, 2012 WL 2045353 (Kan. App. 2012) (unpublished opinion) for the proposition that the effects of mental illness may provide the basis for a finding of excusable neglect. The State distinguishes *Woods* because, unlike Rife, Woods had a long history of mental illness, religious delusions, and competency evaluations.

*Woods* establishes that the effects of mental illness may support a claim of excusable neglect for filing an untimely motion to withdraw plea. But Rife has failed to allege, let alone show, that he was experiencing any mental illness during the more than three years following his plea of guilty and prior to the expiration of the statutory time period for timely filing a motion to withdraw plea. Moreover, assuming Rife was feeling mental strain and distress during that period of time, it does not follow that he was so impaired that he was unable to timely file his motion to withdraw plea.

Our court has considered the effects of mental strain and distress that typically accompany criminal proceedings and observed:

"The Tenth Circuit Court of Appeals, in a case in which the defendant argued that the time pressure, stress, mental anguish, and depression he experienced during plea discussions rendered his plea involuntary, held that '[a]lthough deadlines, mental anguish, depression, and stress are inevitable hallmarks of pretrial plea discussions, such factors considered individually or in aggregate do not establish that [the defendant's] plea was involuntary.' *Miles v. Dorsey,* 61 F.3d 1459, 1470 (10th Cir. 1995)." *State v. Ward*, No. 114,922, 2016 WL 4259915, at *4 (Kan. App. 2016) (unpublished opinion).

Similarly, assuming Rife had mental strain and distress for more than three years after his plea, he has presented no facts to support that his condition prevented him from complying with the time requirements set forth in K.S.A. 2018 Supp. 22-3210(e)(1).

In summary, Rife did not file his motion to withdraw plea in timely compliance with K.S.A. 2018 Supp. 22-3210(e)(1). In his motion, Rife did not provide a reason for any excusable neglect in failing to file a timely motion. On appeal, Rife relies on speculation rather than reasons and facts to show excusable neglect. On this record, Rife has failed to make the requisite "affirmative showing of excusable neglect by the defendant." See K.S.A. 2018 Supp. 22-3210(e)(2). We find no error in the district court's ruling summarily denying Rife's motion to withdraw plea.

Affirmed.

7