NOT DESIGNATED FOR PUBLICATION

No. 123,308

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TONY LOVE,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; JENNIFER L. MYERS, judge. Opinion filed July 16, 2021. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MALONE, P.J., WARNER and HURST, JJ.


PER CURIAM: More than 20 years after pleading guilty to aggravated assault, Tony Love moved to withdraw his plea. The district court denied Love's motion, finding it was untimely and procedurally barred because Love had not shown excusable neglect to justify the late filing. Love now appeals, arguing the court should have reached the merits of his motion. Finding no error, we affirm the court's decision.

FACTUAL AND PROCEDURAL BACKGROUND

In July 1994, the State charged Love with one count of aggravated sexual battery. Love ultimately pleaded guilty to aggravated assault, and the district court sentenced him to 23 months' incarceration followed by 12 months of postrelease supervision. Love did not file a direct appeal.

In late 2019, Love began sending a series of letters to the clerk of the Wyandotte County District Court about his 1994 case. Love's correspondences included allegations against both the State and the district court and described various motions he intended to file. In April 2020, Love began filing motions, including two motions to correct an illegal sentence, two "motion[s] to clarify to the appeals court," a "motion to appeal," a motion to file an appeal out of time, a K.S.A. 60-1507 motion, and a motion to withdraw his guilty plea. Love's plea-withdrawal motion is the subject of this appeal.

In his motion to withdraw his plea, Love raised four broad allegations, some of which pertained to his plea and others that did not. He argued that he was erroneously made to register under the Kansas Offender Registration Act; that his counsel did not inform him of the consequences of his plea or his ability to file an appeal; that the district court at the time of his plea failed to inform him of his right to appeal; and that his plea resulted from prosecutorial and judicial misconduct based on a relationship between the prosecutor and the judge in his case.

After reviewing Love's filings, the district court issued a nunc pro tunc order granting relief on one of his claims, finding he had been erroneously subjected to the habitual sex offender registration requirements of KORA. Love nevertheless continued to send letters to the district court and filed a litany of additional motions. In a motion titled "Motion to Correct Manifest Injustice Motion to Correct Illegal Sentence Motion to Withdraw Guilty Plea," Love argued the district court's nunc pro tunc order failed to

2

address all his claims; the motion requested that he be allowed to "withdraw [his] guilty plea due to a violation of statute K.S.A. 22-3210(7)" and also alleged speedy-trial violations. Another filing, titled "Motion to Correct Manifest Injustice" and "Motion to Correct Illegal Sentence," reiterated Love's previous claim that he should be permitted to withdraw his plea because the State violated the terms of his plea agreement and that he had pleaded guilty under duress.

Following this flurry of pro se filings, the district court appointed Love counsel. And after reviewing the record and the various motions, the district court denied Love's remaining requests in his motions. Relevant to this appeal, the court found that Love's plea-withdrawal motion was untimely, as it had been filed 10 years outside the 1-year deadline for filing a motion to withdraw a plea and Love made no attempt to explain or justify his late filing. The district court therefore summarily dismissed Love's motion to withdraw his plea. Love appeals.

DISCUSSION

Before sentencing, a person may withdraw a guilty plea by demonstrating good cause for his or her request. K.S.A. 2020 Supp. 22-3210(d)(1). But after sentencing, an elevated standard applies; the person wishing to withdraw his or her plea must show manifest injustice would result if the plea remained in place. K.S.A. 2020 Supp. 22-3210(d)(2). In either event, the person seeking to withdraw a plea bears the burden of persuading the court that he or she is entitled to relief. *State v. Adams*, 311 Kan. 569, 574, 465 P.3d 176 (2020).

Motions to withdraw pleas that are filed after sentencing must comply with certain timing requirements. In 2009, the Kansas Legislature amended K.S.A. 22-3210 to require these postsentence motions to be filed within one year after the conclusion of the movant's direct appeal. L. 2009, ch. 61, § 1, now codified as K.S.A. 2020 Supp. 22-

3

3210(e)(1). In *State v. Moses*, 296 Kan. 1126, Syl. ¶ 3, 297 P.3d 1174 (2013), the Kansas Supreme Court clarified that people (like Love) who entered pleas before the adoption of this deadline had one year from its effective date to timely file requests to withdraw their pleas. After this statutory deadline passed—for Love, after April 16, 2010—the timeframe could "be extended by the court only upon an additional, affirmative showing of excusable neglect by the defendant." K.S.A. 2020 Supp. 22-3210(e)(2); *Moses*, 296 Kan. at 1128.

In this case, Love did not file his motion until 2020, roughly 10 years beyond the 1-year deadline for filing a motion to withdraw his 1994 plea. Thus, before the district court could reach the merits of his motion, Love had to demonstrate excusable neglect to explain his late filing. See K.S.A. 2020 Supp. 22-3210(e)(2). The district court found that Love failed to make this showing and thus summarily dismissed his motion. We exercise plenary review over the summary denial of a plea-withdrawal motion. *Adams*, 311 Kan. at 574.

This court has previously described excusable neglect as "something more than unintentional inadvertence or neglect common to all who share the ordinary frailties of mankind." *State v. Gonzalez*, 56 Kan. App. 2d 1225, Syl. ¶ 2, 444 P.3d 362 (2019), *rev. denied* 311 Kan. 1048 (2020). Put more practically, a person striving to show excusable neglect must provide some justification for the delay "beyond mere carelessness or ignorance of the law on the part of the litigant or his or her attorney." 56 Kan. App. 2d 1225, Syl. ¶ 2.

On appeal, Love concedes that his motion made no "explicit showing" of excusable neglect. But he argues that an explanation for his delay can be deciphered from "the entirety of his pleadings/filings" from early 2020. Love maintains that the substance of the various allegations he made in his pro se motions and letters to the district court constituted a "know-it-when-you-see-it" showing of excusable neglect. But despite this

4

assertion, Love still has not provided any substantive explanation as to why his 10-year delay should be excused. And even if we were to construe his various allegations as an attempt to explain this delay, they would be insufficient to excuse his late filing.

Love argues the district court should have looked to his filings with a more lenient eye due to his pro se status and contends that his affirmative showing of excusable neglect was woven into his numerous submissions to the district court. He claims his explanation is dispersed throughout his filings like "needles in a very large haystack." We disagree.

While Love raises several issues that he believes could amount to a showing of excusable neglect, none of his arguments address the underlying question as to why he waited to file his motion until 2020. For example:

- Love explains that he was unaware of his right to appeal his sentence and that he was not advised of this right by his attorney or the court—that is, that he was ignorant of the law. But ignorance of the law, standing alone, is not sufficient to establish excusable neglect. *State v. Davisson*, 303 Kan. 1062, 1069-70, 370 P.3d 423 (2016).

- Love summarily alleges that he only entered his plea because he was under duress and that the State violated the terms of the plea agreement. He also states that his speedy-trial rights were violated and contends that he is innocent of the crime to which he pleaded. But Love does not discuss why any of these points—all of which go to the merits of his plea-withdrawal motion—explain why that untimely motion was filed when it was. Accord *State v. Davis*, 313 Kan. 244, Syl., 485 P.3d 174 (2021) (excusable neglect is a different concept than manifest injustice, and one that must be resolved earlier than and separate from the merits of a postsentence plea-withdrawal motion).

- Love states that he recently learned about an alleged relationship between the prosecutor and the previous district court judge on his case, information he likens to newly discovered evidence. But he does not explain how this information affected his decision to move to withdraw his plea or why—given the substantive allegations he raised in his motion—he could not have moved to withdraw his plea, even without this information, in a timely manner.

Love was required to provide an explanation as to why the arguments he presents on appeal were not raised within the one-year time limitation. Having carefully reviewed Love's filings and allegations, we agree that he failed to show excusable neglect that would permit him to file his motion to withdraw his plea beyond the one-year time limitation in K.S.A. 2020 Supp. 22-3210(e)(2). The district court did not err when it summarily dismissed Love's motion as untimely and declined to consider its merits.

Affirmed.