IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 115,247

STATE OF KANSAS,
*Appellee*,

v.

VIRGIL PATRICK FOX,
*Appellant*.

SYLLABUS BY THE COURT

1.

The one-year statute of limitations for moving to withdraw a plea in K.S.A. 2018 Supp. 22-3210(e)(1) begins to run for preexisting claims on the date the amended statute became effective, April 16, 2009. A motion filed after the statute of limitations has expired may be granted only if the movant establishes excusable neglect.

2.

An appellate court generally reviews the denial of a postsentence motion to withdraw a guilty plea for an abuse of discretion.

Appeal from Cherokee District Court; LORI BOLTON FLEMING, judge. Opinion filed December 6, 2019. Affirmed.

*Kristen B. Patty*, of Wichita, was on the brief for appellant.

*Kristafer R. Ailslieger,* deputy solicitor general, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, J.: Virgil P. Fox directly appeals the district court's denial of his motion to withdraw his 1982 guilty pleas following an evidentiary hearing on the motion. The Kansas Legislature has established a statute of limitations for filing motions to withdraw pleas, which in Fox's situation required him to file his motion before April 16, 2010, or establish excusable neglect that would equitably toll the running of the limitations period. See *State v. Moses*, 296 Kan. 1126, 1128, 297 P.3d 1174 (2013). Before the district court, Fox argued that deadline should be equitably tolled because he is a layman, was unaware of the statute of limitations, and could not afford an attorney. The district court rejected these arguments and ruled that Fox did not establish excusable neglect.

Before us, Fox argues the district court abused its discretion because he was imprisoned in Florida for several years and lacked access to a phone and library materials about Kansas law. Thus, he argues, the statute of limitations should have been equitably tolled.

We reject Fox's argument and affirm the district court. The record establishes that Fox was held in a Kansas prison for about seven years before the statute of limitations ran. He thus fails to establish a factual basis for his argument and consequently fails to carry his burden of establishing excusable neglect.

FACTUAL AND PROCEDURAL BACKGROUND

In 1980, the State charged Fox and Richard Carter Adams with two counts of first-degree murder for killing Douglas L. Ashby and Keith Anthony Arthur. In 1982, the

2

State amended its information against Fox to allege Fox aided and abetted Adams in the kidnapping of the men, during which Adams killed them.

Fox pleaded guilty to the amended counts of aiding and abetting felony murder, class A felonies. During the plea hearing, the State said it agreed not to seek enhancement of Fox's sentence based on the use of a firearm or on the application of the habitual criminal statute. The State also agreed to recommend that the life sentences Fox would receive on the amended information run concurrent with a federal sentence that Fox also had to serve. As for the factual basis for the pleas, Fox testified that he aided and abetted Adams in the kidnapping of two men who they transported from Missouri to Kansas, where Fox watched Adams shoot and kill the men in a strip pit in Cherokee County, Kansas. Fox said he understood that he would receive a life sentence for the class A felonies and that there could be no other sentence.

After a colloquy with Fox, the district court found there was a factual basis for the pleas and that the pleas were voluntarily and intelligently made. The district court later sentenced Fox to life imprisonment on both counts, to run concurrent with each other and concurrent with Fox's federal sentence. The district court later denied Fox's motion to modify sentence. Fox did not directly appeal.

The motion now at issue is not the first postconviction motion filed by Fox. In 1990, Fox filed a pro se K.S.A. 60-1507 motion. Through counsel, he later voluntary withdrew the motion without prejudice. In 1992, Fox filed a second pro se K.S.A. 60-1507 motion, raising the same claims he voluntarily dismissed in his first motion. That motion was denied on its merits and because it was successive. According to a later order, the Court of Appeals dismissed Fox's appeal. In 1999, Fox filed his third pro se K.S.A. 60-1507 motion. The district court dismissed the motion because it was

3

successive and the motion, files, and records conclusively showed Fox was not entitled to relief. The Court of Appeals affirmed in an unpublished opinion, and this court denied review. *Fox v. State*, No. 85,402 (unpublished opinion filed August 3, 2001) (Kan. App.), *rev. denied* 272 Kan. 1417 (2001).

In June 2013, more than 30 years after he entered guilty pleas, Fox filed the K.S.A. 22-3210 motion to withdraw his pleas that is the subject of this appeal. In his pro se motion, Fox acknowledged that he was outside the statutory time limit and was thus statutorily required to show excusable neglect and manifest injustice in order to withdraw his pleas. The district court appointed counsel and held an evidentiary hearing on the motion to determine whether Fox could show excusable neglect and manifest injustice.

In support of excusable neglect, Fox argued that he is a layman and had just recently discovered that a manifest injustice had occurred against him. He further argued that Adams, who killed the two victims, was only incarcerated for 16 years, while Fox was going on his 32nd year and did not kill anyone. During the evidentiary hearing, Fox also testified that in 1990, he was transferred to a Florida prison and lacked access to Kansas statute books or other materials while he was there. But Fox also testified that he was transferred back to a Kansas prison in 2003 and has been in Kansas since that time.

In support of manifest injustice, Fox's pro se motion asserted that his trial counsel was ineffective. Fox later filed pro se supplemental motions in which he raised additional claims of ineffective assistance of counsel. He also argued his kidnapping and felony murder charges were duplicitous and that the district court lacked jurisdiction over him because he was not in Kansas on the date of the murders (even though the factual basis for his pleas established that he witnessed the killings in Cherokee County).

4

The district court denied Fox's motion orally and through a written journal entry. The court found that the motion was untimely and Fox failed to demonstrate excusable neglect. The district court also found several other grounds for denying his motion, grounds we do not reach today.

After the district court's ruling, Fox filed a motion for reconsideration and a motion for findings of fact and conclusions of law. The district court summarily denied the motions.

Fox appealed to the Court of Appeals. The Clerk of the Appellate Courts transferred the appeal to the Supreme Court under Administrative Order 101. See Supreme Court Administrative Order 101 ("Whenever it appears that a case for which exclusive appellate jurisdiction lies in the Supreme Court has been docketed in the Court of Appeals, the Clerk of the Appellate Court may transfer the same to the proper court by notation on the docket and notice to the parties."). This court has jurisdiction under K.S.A. 2018 Supp. 22-3601(b) (appeal must be taken directly to the Supreme Court in "any case in which the defendant has been convicted of a class A felony"). See also *Moses*, 296 Kan. at 1127 (noting appeal of motion to withdraw guilty pleas involving a first-degree murder conviction invoked this court's jurisdiction under K.S.A. 22-3601[b]).

ANALYSIS

Under K.S.A. 2018 Supp. 22-3210(d)(2), a motion to withdraw a plea filed after sentencing may be set aside only if necessary to correct a manifest injustice. *State v. Davisson*, 303 Kan. 1062, 1064, 370 P.3d 423 (2016). And in 2009, the Legislature amended K.S.A. 22-3210 to provide that any action under subsection (d)(2) must be filed within one year of either:

5

"(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (B) the denial of a petition for a writ of certiorari to the United States supreme court or issuance of such court's final order following the granting of such petition." K.S.A. 2018 Supp. 22-3210(e)(1).

See also L. 2009, ch. 61, § 1 (adding the one-year time limit).

The district court may extend this time limit "only upon an additional, affirmative showing of excusable neglect." K.S.A. 2018 Supp. 22-3210(e)(2). This court has determined that for claims predating the 2009 amendment, the time limit began to run on the date the statute became effective:  April 16, 2009. *State v. Szczygiel*, 294 Kan. 642, 644, 279 P.3d 700 (2012). So Fox had until April 16, 2010, to file his motion. *Moses*, 296 Kan. at 1128.

Yet Fox filed his motion over three years after the grace period ended. "Accordingly, whether the district court could consider the possible merits of his motion depended upon whether he could meet his burden of showing excusable neglect for his late filing." *Davisson*, 303 Kan. at 1066.

In his pro se motion, Fox tried to establish excusable neglect by arguing he is a layman and could not afford counsel. The district court rejected this argument. On appeal, we review that determination for an abuse of discretion. *Moses*, 296 Kan. at 1127 (appellate courts generally review denial of postsentence motion to withdraw guilty plea for abuse of discretion). And Fox bears the burden to prove the district court abused its discretion in denying his motion. *State v. Bricker*, 292 Kan. 239, 244, 252 P.3d 118 (2011).

6

Before us, Fox concedes that mere ignorance of the law is not a basis for equitable tolling of a statute of limitations, even for pro se prisoners. See *Davisson*, 303 Kan. at 1068-69 (discussing authority from other jurisdictions supporting the "basic proposition that ignorance of the law should not constitute excusable neglect for inmates or criminal defendants under K.S.A. 2015 Supp. 22-3210[e][2]" and applying that proposition when defendant's only argument was that he was previously unaware of his statutory right to file a motion under 22-3210).

Despite this concession, Fox argues a petitioner is entitled to equitable tolling by showing a diligent pursuit of rights and that some extraordinary circumstance prevented the timely filing, citing *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010). Fox contends he established excusable neglect at the evidentiary hearing, where he testified that during his Florida incarceration, he was on lockdown and did not have law library or phone access. More specifically, he testified he lacked access to Kansas statute books or other research materials. Fox argues his ignorance of the law created by the denial of access to necessary materials was an extraordinary factor beyond Fox's control that prevented him from filing within the limitations period set out in K.S.A. 2018 Supp. 22-3210(e)(1).

The State counters that Fox's claim is "extremely dubious if not simply disingenuous" because the record establishes that Fox was held in Florida from March 1990 to May 2003, when he was returned to Kansas. This means, according to the State, that Fox had several years with access to a Kansas prison law library containing Kansas law books and other materials. In fact, he had this access when the Kansas Legislature adopted the statute of limitations in K.S.A. 2018 Supp. 22-3210(e)(1) and during the time when his motion could have been timely filed. Plus, he remained in a Kansas prison

7

during the three-year period between when the limitations period expired and when he filed his motion.

Fox did not file a reply brief addressing the State's argument on this point. And the record establishes that, after Fox was returned to Kansas, he had nearly seven years to file his motion to withdraw his pleas. Further, Fox's appellate brief raises no other arguments in support of excusable neglect.

In summary, we need not consider the merits of Fox's legal arguments, concluding instead he did not meet his burden of establishing any facts that might conceivably support an equitable tolling of the statute of limitations. We hold that the district court did not abuse its discretion in finding that Fox did not establish excusable neglect to permit his untimely filing. As a result, we need not address whether Fox has established manifest injustice. See *Davisson*, 303 Kan. at 1070.

Affirmed.

MICHAEL J. MALONE, District Judge Retired, assigned.[1]

------------------------

[1]**REPORTER'S NOTE:** Retired District Judge Malone was appointed to hear case No. 115,247 under the authority vested in the Supreme Court by K.S.A. 20-2616 to fill the vacancy on the court created by the retirement of Justice Johnson.