NOT DESIGNATED FOR PUBLICATION

No. 121,797

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT G. TERRELL,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed January 29, 2021. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant, and *Robert Glenn Terrell*, appellant pro se.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before WARNER, P.J., POWELL, J., and MCANANY, S.J.

PER CURIAM: Robert G. Terrell appeals the district court's summary denial of his plea withdrawal motions as untimely, claiming the district court should have granted his motions because the State violated the plea agreement at his resentencing. The State counters that Terrell never established excusable neglect sufficient to justify his untimely filing. After a review of the record, we agree with the State and affirm.

1

Terrell has frequently filed appeals concerning his rape conviction. See *State v. Terrell*, No. 93,268, 2005 WL 2787160, at *1 (Kan. 2005) (unpublished opinion) (district court did not abuse its discretion in revoking probation); *Terrell v. State*, No. 98,961, 2008 WL 4849323, at *2 (Kan. App. 2008) (unpublished opinion) (district court did not err in finding Terrell's K.S.A. 60-1507 motion was successive and untimely); *State v. Terrell*, No. 101,519, 2009 WL 3739053, at *3 (Kan. App. 2009) (unpublished opinion) (no speedy trial violation); *State v. Terrell*, No. 115,145, 2017 WL 1035328, at *2-3 (Kan. App. 2017) (unpublished opinion) (illegal sentence appeal moot because sentence was completed). Thus, we briefly review only those facts pertinent to this latest appeal.

Pursuant to a plea agreement, Terrell pleaded guilty to rape; and on December 11, 2002, the district court sentenced him to the presumptive mid-box guideline sentence of 176 months in prison but granted him a dispositional departure from that sentence to probation for 36 months.

On September 15, 2004, the district court revoked Terrell's probation and ordered him to serve his underlying prison sentence.

In early 2015, Terrell filed three motions to correct an illegal sentence based on the assertion that his criminal history score had been miscalculated due to the inclusion of an uncounseled misdemeanor conviction. The district court agreed, and on May 15, 2015, it resentenced Terrell using a new, albeit higher criminal history score of G, due to the inclusion of two new convictions added to his criminal history after his original sentencing in 2002. Consistent with the plea agreement, the State repeated its recommendation for the district court to impose the middle grid box sentence—which, given Terrell's higher criminal history score, was a higher sentence than originally imposed—but indicated that the original sentence of 176 months would suffice. Terrell

asked that he be given a mid-box sentence consistent with the lower criminal history score of I—which is what his criminal history score would have been originally without the uncounseled misdemeanor convictions and the addition of the two later convictions—or 155 months. The State opposed this sentence. The district court instead granted Terrell a downward durational departure and resentenced Terrell to 166 months' imprisonment. Terrell subsequently challenged this sentence with a motion to correct illegal sentence, but our court rejected his appeal as moot. *Terrell*, 2017 WL 1035328, at *3.

On September 14, 2018, Terrell filed a motion to withdraw plea. Six days later, Terrell filed a motion to amend his motion to withdraw plea. A little over six months after that, Terrell requested a hearing on his motion. Terrell also filed a motion to quash plea agreement.

The district court summarily denied Terrell's motions because they were time barred and failed to present an argument sufficient to justify an exception to that bar.

Terrell timely appeals.

WERE TERRELL'S MOTIONS PROPERLY DISMISSED AS UNTIMELY?

Terrell argues the district court erred when it summarily denied his plea withdrawal motions. Terrell claims he acknowledged his need to show excusable neglect in his motions to justify filing them after the deadline. Terrell also argues his motions demonstrated manifest injustice justifying the withdrawal of his plea. The State replies that Terrell did not show excusable neglect beyond a brief mention that "the State's breach of a plea agreement" constituted excusable neglect. Alternatively, the State asserts Terrell's motions were successive because he previously attacked his plea in two K.S.A. 60-1507 motions.

3

In his pro se supplemental appellate brief, Terrell also claims the State's breach of the plea agreement violated his due process rights, justifying his plea withdrawal. The State counters this argument goes to the merits of Terrell's plea withdrawal motions, not whether Terrell has shown the required excusable neglect to justify the untimely filing of his motions.

*Standard of Review*

Generally, we review a district court's denial of a postsentence plea withdrawal motion for abuse of discretion. But when a district court summarily denies such a motion without argument or additional evidence, we exercise de novo review

> "'because [we have] the same access to the motion, records, and files as the district court . . . .
> "'Summary disposition is appropriate if there is no substantial question of law or triable issue of fact and the files and records conclusively show the defendant is not entitled to relief on the motion.' The defendant bears the burden to allege facts sufficient to warrant a hearing. [Citations omitted.]" *State v. Wilson*, 308 Kan. 516, 520-21, 421 P.3d 742 (2018).

*Analysis*

Postsentencing, a district court may set aside a conviction and allow a defendant to withdraw a plea to correct manifest injustice. K.S.A. 2019 Supp. 22-3210(d)(2). However, a defendant must bring a postsentencing plea withdrawal motion within one year after appellate jurisdiction over the defendant's direct appeal terminates. K.S.A. 2019 Supp. 22-3210(e)(1). After one year has passed, the time limit may be extended "only upon an additional, affirmative showing of excusable neglect by the defendant." K.S.A. 2019 Supp. 22-3210(e)(2).

4

Terrell was originally sentenced in 2002, before the 2009 amendments to K.S.A. 22-3210 adding the one-year time limit took effect. For convictions predating the 2009 amendment, the time limit began to run on the date of the statute's effectiveness: April 16, 2009. So, Terrell had until April 16, 2010, to file his plea withdrawal motion. See *State v. Fox*, 310 Kan. 939, 942-43, 453 P.3d 329 (2019). However, even if we used his resentencing date of May 15, 2015, as a starting point, a timely motion would have to have been filed no later than in mid-2016.

But Terrell waited until 2018 and 2019 to file several motions to withdraw his plea, making them untimely. Accordingly, whether the district court could consider the merits of Terrell's plea withdrawal motions depended on whether he could show excusable neglect justifying his late filing. See K.S.A. 2019 Supp. 22-3210(e)(2); *Fox*, 310 Kan. at 943.

"Excusable neglect requires 'something more than unintentional inadvertence or neglect common to all who share the ordinary frailties of mankind.' *Montez v. Tonkawa Village Apartments*, 215 Kan. 59, 65, 523 P.2d 351 (1974)." *State v. Gonzalez*, 56 Kan. App. 2d 1225, 1229, 444 P.3d 362 (2019), *rev. denied* 311 Kan. 1048 (2020). The *Gonzalez* panel relied on Black's Law Dictionary to define excusable neglect:

> "'A failure—which the law will excuse—to take some proper step at the proper time (esp. in neglecting to answer a lawsuit) not because of the par[t]y's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance or accident or because of reliance on the care and vigilance of the party's counsel or on a promise made by the adverse party.' Black's Law Dictionary 1133 (9th ed. 2009)." 56 Kan. App. 2d at 1229-30.

As other panels of this court have held, summary denial is appropriate when an untimely plea withdrawal motion does not even raise the additional, affirmative showing of excusable neglect. See *State v. Louis*, 59 Kan. App. 2d 14, 19, 476 P.3d 837, *petition*

*for rev. filed* November 23, 2020; *State v. Marshall*, No. 112,875, 2016 WL 197744, at *4 (Kan. App. 2016) (unpublished opinion); *State v. Baker*, No. 106,171, 2012 WL 5392094, at *2 (Kan. App. 2012) (unpublished opinion). If a defendant's plea withdrawal motion does not make a showing of excusable neglect, "then due process does not require a hearing and summary denial is proper." *Louis*, 56 Kan. App. 2d at 19.

In his brief, Terrell admits he explicitly acknowledged his need to show excusable neglect and claims he did so by pointing to the State's conduct at his resentencing hearing. But nowhere in his motions to withdraw plea does Terrell assert excusable neglect justifying the late filing of his motions. In his request for a hearing on his motions, Terrell again acknowledged the statute requiring a showing of excusable neglect but again made no argument establishing excusable neglect. In his motion to quash the plea agreement, which we treat as one of his motions to withdraw plea, Terrell argued the State denied him due process by breaching the plea agreement at his resentencing hearing, stating: "The denial of such a fundamentally protected right being violated should constitute excusable neglect."

Terrell's allegation that the State denied him due process by breaching the plea agreement is not excusable neglect. Instead, it goes to the merits of his motion. Terrell argued the State breached the plea agreement at resentencing by not arguing for the middle number in the appropriate grid box. If true, that may have established manifest injustice sufficient to allow him to withdraw his plea. What it does not do is explain why Terrell waited eight years after his one-year time limit ended or why it took him three years after his resentencing to file his plea withdrawal motions. As Terrell offers no reason to explain the delay, Terrell fails to make any showing of excusable neglect. Accordingly, no hearing was required and the district court was correct to summarily deny Terrell's plea withdrawal motions.

Affirmed.