NOT DESIGNATED FOR PUBLICATION

No. 124,059

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of D.L.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; RICHARD A. MACIAS, judge. Opinion filed November 12, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., HILL and POWELL, JJ.

POWELL, J.: D.L. appeals the district court's denial of his motion to vacate sentence. We granted D.L.'s motion for summary disposition pursuant to Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). In its response, the State does not object to summary disposition but asks us to affirm the district court. After a review of the record, we affirm.

While represented by counsel, on February 23, 2009, D.L. pleaded no contest to one count of criminal discharge of a firearm, a severity level 7 person felony, for actions committed in January 2009. According to the record, the district court found that D.L. had waived his rights and that his plea was made voluntarily and with an understanding of the charge against him and the consequences of his plea. A factual basis for the plea was also provided. D.L. was sentenced to the custody of the Commissioner of Juvenile Justice and was ultimately discharged from custody on August 9, 2010. There was no direct appeal.

1

On July 8, 2020, D.L. filed a pro se motion to vacate juvenile sentence, arguing his sentence should be vacated on the grounds that no physical evidence was provided at the time of his plea hearing. At the hearing on D.L.'s motion, D.L.'s counsel appeared to argue the motion was both one filed pursuant to K.S.A. 2020 Supp. 60-1507 and a motion to withdraw plea pursuant to K.S.A. 2020 Supp. 22-3210(d)(2). Counsel claimed D.L. was alleging actual innocence. However, at no time did D.L. or his counsel explain his delay in filing his motion seeking relief. The district court dismissed the motion on the grounds that if brought pursuant to K.S.A. 2020 Supp. 60-1507, it was improper as D.L. was no longer in custody. Alternatively, if it was brought as a motion to withdraw plea, it was untimely.

Before us, D.L. argues the district court erred in dismissing his motion on the grounds that no physical evidence was presented at the time he entered his plea. He acknowledges his motion was untimely but contends the one-year time limit may be extended upon a showing of excusable neglect. We review a district court's decision to deny a motion to withdraw plea for an abuse of discretion. *State v. Cott*, 311 Kan. 498, 499, 464 P.3d 323 (2020). D.L. bears the burden to prove the district court erred in denying the motion. See *State v. Fox*, 310 Kan. 939, 943, 453 P.3d 329 (2019).

A postsentence motion to withdraw a plea must be filed within one year of either:

> "(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (B) the denial of a petition for a writ of certiorari to the United States supreme court or issuance of such court's final order following the granting of such petition." K.S.A. 2020 Supp. 22-3210(e)(1).

This one-year time limitation may be extended only "upon an additional, affirmative showing of excusable neglect by the defendant." K.S.A. 2020 Supp. 22-3210(e)(2). Where a defendant makes no attempt at an affirmative showing of excusable neglect, we

will find the motion untimely and procedurally barred. *State v. Parks*, 308 Kan. 39, 44, 417 P.3d 1070 (2018).

Here, it is undisputed that D.L.'s motion is untimely. D.L. entered his no-contest plea on February 23, 2009, and was discharged from custody on August 9, 2010. D.L. filed his motion on July 8, 2020, so it is clearly beyond the one-year time limit. However, as we indicated, this time limit may be extended upon a showing of excusable neglect, but at no time has D.L. advanced such an argument to either the district court or to us explaining the over 10-year delay between the entry of his plea and his effort to withdraw it. Accordingly, the district court was correct to dismiss D.L.'s motion as untimely. Moreover, to the extent D.L. asserts that his motion is more properly considered as being brought under K.S.A. 60-1507, we agree with the district court's conclusion that such a motion is not available to D.L. as he was no longer in the State's custody when he filed his motion. See K.S.A. 2020 Supp. 60-1507(a) (prisoner in custody may bring motion); *Mundy v. State*, 307 Kan. 280, 287-88, 408 P.3d 965 (2018) (jurisdiction not lost if movant files 60-1507 motion while in custody but is released before final judgment on motion).

Affirmed.