NOT DESIGNATED FOR PUBLICATION

Nos. 123,895
123,897

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TYREE J. BROWN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed April 22, 2022. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., CLINE, J., and JAMES L. BURGESS, S.J.

PER CURIAM: Tyree J. Brown entered a plea agreement in which he pled guilty to solicitation to commit kidnapping and promoting the sale of sexual relations. Subsequently, the Kansas Legislature amended the Kansas Offender Registration Act to include promoting the sale of sexual relations as a reportable sex offense. As such, Brown was informed that he must register as a sexual offender. Nearly two years later, Brown challenged the registration requirement. Because his motions were untimely filed, and because he has failed to establish that the district court abused its discretion, we affirm.

1

On October 1, 2014, the State charged Brown with three counts of aggravated human trafficking, two counts of criminal sodomy, and one count of aggravated indecent liberties with a child. On November 13, 2015, pursuant to a plea agreement, Brown pled guilty to a single count of solicitation to commit kidnapping and a single count of promoting the sale of sexual relations. The district court subsequently sentenced Brown to 20 months in prison and 24 months of postrelease supervision for the solicitation to commit kidnapping conviction and to a concurrent sentence of 6 months for the promoting the sale of sexual relations conviction. In addition, Brown was required to register as a violent offender pursuant to the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq.

Effective on July 1, 2017, the Kansas Legislature amended KORA to include the crime of promoting the sale of sexual relations as a reportable offense. See K.S.A. 2017 Supp. 22-4902(c)(15). Accordingly, Brown—who was on postrelease supervision—was informed that he would also need to register as a sexual offender. About two years later, on April 2, 2019, Brown moved to withdraw his plea. He later filed a K.S.A. 60-1507 motion on September 13, 2019. Then, on October 6, 2020, Brown filed a document entitled "Memorandum to Enforce Plea Agreement."

On January 26, 2021, the district court held a hearing on Brown's motions. The district court announced its decision to deny Brown's motions on April 2, 2021, and issued a comprehensive 32-page order explaining its decision on April 15, 2021. Thereafter, Brown filed two notices of appeal, which this court later consolidated.

ANALYSIS

The sole issue presented on appeal is whether the district court erred in denying Brown's motions relating to the withdrawal or enforcement of his plea. Brown argues that the change in law regarding registration as a sex offender frustrated the plea agreement. In response, the State contends that Brown failed to timely file his motions and that Brown failed to establish excusable neglect.

We review a district court's decision to deny a movant's request to withdraw a guilty or no-contest plea for an abuse of discretion. *State v. Cott*, 311 Kan. 498, 499, 464 P.3d 323 (2020). The movant—in this case Brown—bears the burden to prove the district court erred in denying the motion or motions. *State v. Fox*, 310 Kan. 939, 943, 453 P.3d 329 (2019). However, whether the State breached a plea agreement presents a question of law over which we have unlimited review. *State v. Jones*, 302 Kan. 111, 116, 351 P.3d 1228 (2015).

A postsentence motion to withdraw a plea must be filed within one year of either:

> "(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (B) the denial of a petition for a writ of certiorari to the United States supreme court or issuance of such court's final order following the granting of such petition." K.S.A. 2020 Supp. 22-3210(e)(1).

This one-year time limitation may be extended only "upon an additional, affirmative showing of excusable neglect by the defendant." K.S.A. 2020 Supp. 22-3210(e)(2). Where a defendant makes no attempt at an affirmative showing of excusable neglect, we will find the motion to be untimely and procedurally barred. *State v. Parks*, 308 Kan. 39, 44, 417 P.3d 1070 (2018). Ignorance of the statute's existence or other assertions of ignorance of the law does not constitute excusable neglect under K.S.A.

2020 Supp. 22-3210(e)(2). See *State v. Davisson*, 303 Kan. 1062, 1070, 370 P.3d 423 (2016).

"To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." K.S.A. 2020 Supp. 22-3210(d)(2). Factors a court generally considers in determining whether a defendant has shown the manifest injustice necessary to withdraw a plea after sentencing mirror those considered when reviewing for good cause to support a presentence motion. *State v. Johnson*, 307 Kan. 436, 443, 410 P.3d 913 (2018).

Similarly, a defendant has one year from when a conviction becomes final to file a motion under K.S.A. 60-1507(a). K.S.A. 2020 Supp. 60-1507(f)(1). Notwithstanding, courts may extend the time limitation for bringing a K.S.A. 60-1507 motion to prevent a manifest injustice. K.S.A. 2020 Supp. 60-1507(f)(2). As K.S.A. 2020 Supp. 60-1507(f)(2)(A) states, for the purposes of determining whether manifest injustice exists in a particular case, courts are "limited to determining why the [movant] failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence."

Here, the district court appropriately found that Brown's request to withdraw his plea was untimely filed and that no reason had been offered to justify the delay. Furthermore, the district court found that, even if Brown had shown a legitimate reason for the delay, the district court would have still denied Brown's request because he "failed to show any grounds or basis to allow him to withdraw his plea." In particular, the district court found Brown's motions to be conclusory and failed to establish manifest injustice that would allow him to withdraw his plea.

On appeal, Brown does not dispute that his motions were filed late. In addition, Brown continues to make no attempt to demonstrate excusable neglect or manifest

injustice to justify his belated request to withdraw his plea. Likewise, he has not argued actual innocence. Moreover, even if we were to find that Brown could have filed his motions within a year after the Kansas Legislature amended the sexual offender statute as of July 1, 2017, the filing of his motions would still be untimely because he did not file the first one until April 2, 2019. Thus, we conclude that Brown did not timely file his motions; and, as such, the district court appropriately denied them.

Additionally, like the district court, we find nothing in the record to suggest that the State breached the terms of its plea agreement with Brown. Rather, a review of the record reveals that Brown received the benefit of his bargain in that the State dismissed three counts of aggravated human trafficking, two counts of criminal sodomy, and one count of aggravated indecent liberties with a child in exchange for Brown pleading guilty to one count of solicitation to commit kidnapping and one count of promoting the sale of sexual relations. The district court also rendered concurrent sentences on Brown's crimes of conviction.

As the district court found in its order denying Brown's request to withdraw or enforce his plea, "[n]othing was contemplated in the plea about [a future] change in the law. Even if it had been, the court could not have sanctioned a plea agreement that would exempt any defendant from future statutory requirements." In addition, the district court found that that "[t]he sentencing was actually more favorable to Mr. Brown than had been contemplated by him or either of the attorneys when I ran the two counts concurrent rather than consecutive." Thus, we conclude as a matter of law that Brown has failed to establish that the State breached the terms of the plea agreement.

Finally, the district court was correct that it lacked authority to enforce a plea deal that would have prevented Brown from having to comply with laws enacted by the Kansas Legislature in the future. Indeed, the Kansas Supreme Court has found that the Kansas Offender Registration Act imposes the duty to register rather than the sentencing

5

court. Specifically, our Supreme Court held: "We have established that a person's status as an 'offender' might turn on a court determination, but the Act itself imposes the duty to register upon any such person, rather than the court's order." *State v. Marinelli*, 307 Kan. 768, 790, 415 P.3d 405 (2018).

Accordingly, we affirm the district court's decision denying Brown's untimely motions to withdraw or enforce his plea.

Affirmed.