NOT DESIGNATED FOR PUBLICATION

No. 124,532

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PIDY TIGER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed September 9, 2022. Affirmed.

*Pidy Tiger*, appellant pro se.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., SCHROEDER and WARNER, JJ.

PER CURIAM:  Not one to be dissuaded by our court's previous decisions in his last four postconviction appeals, Pidy Tiger now timely appeals from the district court's summary denial of his latest pro se K.S.A. 60-1507 motion, as well as the summary denials of his pro se motion to withdraw plea and motion to correct illegal sentence, with multiple motions to reconsider. After a careful review of the record, we find the summary denial was correct because his motions are either untimely, successive, or without merit. We affirm.

1

FACTS

A jury convicted Tiger in 2012 of rape and aggravated indecent liberties with a child for acts committed in 2011. The district court sentenced Tiger to a term of imprisonment for life with a mandatory minimum term of imprisonment of not less than 25 years.

Tiger appealed his convictions and sentences, and a panel of this court affirmed. *State v. Tiger*, No. 110,278, 2015 WL 1513955, at *1 (Kan. App. 2015) (unpublished opinion). Following the denial of his direct appeal, Tiger has filed multiple appeals based on K.S.A. 60-1507 motions and other collateral challenges related to his convictions, all of which have been denied. See *State v. Tiger*, No. 124,184, 2022 WL 3018065, at *2 (Kan. App. 2022) (unpublished opinion); *State v. Tiger*, No. 122,692, 2021 WL 1045178, at *2 (Kan. App. 2021) (unpublished opinion); *Tiger v. State*, No. 117,448, 2018 WL 4376775, at *1 (Kan. App. 2018) (unpublished opinion); *State v. Tiger*, No. 116,852, 2018 WL 671374, at *1 (Kan. App. 2018) (unpublished opinion).

Tiger has now filed a pro se motion to withdraw plea and memorandum in support of his motion, claiming he pled not guilty and proceeded to trial based on false information from trial counsel. Tiger argued a speedy trial violation—a claim the district court has previously denied and our court has affirmed in the past. See *Tiger*, 2021 WL 1045178, at *1-2. Tiger admits he "has spent the last 9 [years] adamantly pursuing relief based on trial counsel's clear and unambiguous advice during their initial consultation" and he "has filed seven habeas motions diligently pursuing relief." The district court denied the motion to withdraw plea because he entered a plea of not guilty and his claim of ineffective assistance of counsel was untimely and successive.

Tiger also filed a pro se challenge to jurisdiction, claiming the district court lacked jurisdiction over him because he was a member of the Creek Nation and he was tried and

convicted for crimes that occurred on Native American land. Tiger then filed a pro se motion to correct illegal sentence, asserting essentially the same argument as his challenge to jurisdiction. The district court held a hearing on the motion to correct illegal sentence and denied the motion on the basis Tiger failed to present a substantial question of law or fact, the sentence was legal, and he had an appeal pending on a prior K.S.A. 60-1507 motion. Tiger filed a motion to reconsider, claiming the district court did not provide findings of fact to support its conclusions of law. The district court again denied the motion to reconsider because Tiger failed to present a substantial question of law or fact and offered no new evidence or argument.

Tiger also filed a pro se habeas corpus motion, apparently challenging the effectiveness of prior K.S.A. 60-1507 counsel. Though this was one of Tiger's more confusing and convoluted motions, he seemed to argue prior K.S.A. 60-1507 counsel, Michael Whalen, was ineffective in arguing how *State v. Wright*, 305 Kan. 1176, 390 P.3d 899 (2017) (constitutional right to be present at continuance hearing), should have applied to his case. The district court conducted a hearing on the motion and denied the claim because Tiger failed to present a substantial question of law or fact and the motion was successive and untimely without exceptional circumstances.

ANALYSIS

Tiger claims the district court erred when it denied his pending motions. Because Tiger has filed so many K.S.A. 60-1507 motions, we question whether he sufficiently identified the relevant motion and district court ruling for purposes of this appeal. See *Hess v. St. Francis Regional Med. Center*, 254 Kan. 715, 718, 869 P.2d 598 (1994) ("[A]n appellate court only obtains jurisdiction over the rulings identified in the notice of appeal."). However, in the interests of judicial economy and letting Tiger know we have thoroughly reviewed his briefs, we will proceed to address the issues we have been able to identify.

*Tiger's Motions Are Untimely and Successive*

Tiger alleges the district court erred in denying five pro se motions: motion to withdraw plea, habeas corpus motion, motion to correct illegal sentence, motion to reconsider correcting illegal sentence, and motion to reconsider pursuant to K.S.A. 2021 Supp. 60-259(f). Though Tiger claims the district court erred in denying his various motions, the foundation of his claim appears to be ineffective assistance of counsel. Tiger also suggests the district court lacked jurisdiction over him because "the defendant is [N]ative [A]merican and . . . South Wichita is within the boundaries outlined by treaty."

We have long recognized a district court has three options when handling a K.S.A. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citations omitted.]" *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018).

*Motion to withdraw plea*

Generally, we review a district court's decision to deny a motion to withdraw a guilty plea or no contest plea for an abuse of discretion. *State v. Cott*, 311 Kan. 498, 499, 464 P.3d 323 (2020). As the movant, Tiger bears the burden to prove the district court erred in denying the motion. See *State v. Fox*, 310 Kan. 939, 943, 453 P.3d 329 (2019).

4

When a district court summarily denies a motion to withdraw a plea without argument and additional evidence, we exercise unlimited review because we have the same access to the motions, records, and files as the district court. *State v. Wilson*, 308 Kan. 516, 520, 421 P.3d 742 (2018). A postsentence motion to withdraw a plea must be filed within one year of either:

"(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (B) the denial of a petition for a writ of certiorari to the United States supreme court or issuance of such court's final order following the granting of such petition." K.S.A. 2021 Supp. 22-3210(e)(1).

The one-year time limitation may be extended "only upon an additional, affirmative showing of excusable neglect by the defendant." K.S.A. 2021 Supp. 22-3210(e)(2). When a defendant makes no attempt at an affirmative showing of excusable neglect, an appellate court will find the motion untimely and procedurally barred. *State v. Parks*, 308 Kan. 39, 44, 417 P.3d 1070 (2018).

Tiger filed a direct appeal from his jury trial convictions, and a panel of this court affirmed Tiger's convictions and sentences. *Tiger*, 2015 WL 1513955, at *1. Our mandate was issued on June 18, 2015. Tiger had one year from June 18, 2015, to file a postsentence motion to withdraw plea and failed to do so. Rather, Tiger filed his postsentence motion to withdraw plea in 2020—five years after our court issued its mandate. Tiger does not argue excusable neglect to extend the one-year time limitation. In fact, Tiger fails to acknowledge the one-year time limitation in his brief and, therefore, waives such issue on appeal. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (issue not briefed deemed waived or abandoned).

We are further unpersuaded by Tiger's argument he is entitled to any relief under K.S.A. 2021 Supp. 22-3210, irrespective of the untimeliness of his motion. This is

because K.S.A. 2021 Supp. 22-3210 provides for the withdrawal of "a plea of guilty or *nolo contendere*." K.S.A. 2021 Supp. 22-3210(d)(1). Here, Tiger pled *not guilty*. There is nothing in the plain language of the statute permitting a defendant to withdraw a not guilty plea. Cf. *White v. State*, 222 Kan. 709, 713-14, 568 P.2d 112 (1977) (because defendant pled not guilty, trial court had no duty under K.S.A. 22-3210 to advise defendant of effect of guilty plea despite the parties stipulating to the admission of evidence and further stipulating such evidence would prove all elements of the crime charged). Tiger unpersuasively cites to *Lafler v. Cooper*, 566 U.S. 156, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012), asserting alleged ineffective assistance of counsel should entitle him to withdraw his not guilty plea under K.S.A. 2021 Supp. 22-3210. But *Lafler* was not premised on statutory grounds; rather, it turned on Sixth Amendment concerns as to the effectiveness of counsel's performance. See 566 U.S. at 169-172. Tiger briefed his claim as a K.S.A. 2021 Supp. 22-3210 issue, but that statute does not provide him with the relief he seeks once he entered a not guilty plea.

To the extent Tiger's motion to withdraw plea was a claim of ineffective assistance of counsel, we will address it. A defendant has one year from when a conviction becomes final to file a motion under K.S.A. 2021 Supp. 60-1507(a). K.S.A. 2021 Supp. 60-1507(f)(1). The district court may extend the one-year time limitation for bringing an action under K.S.A. 2021 Supp. 60-1507(f)(1) only to prevent a manifest injustice. K.S.A. 2021 Supp. 60-1507(f)(2). A defendant who files a motion under K.S.A. 60-1507 outside the one-year time limitation and fails to affirmatively assert manifest injustice is procedurally barred from maintaining the action. *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013). Tiger failed to argue manifest injustice and, therefore, waives such claim on appeal. See *Arnett*, 307 Kan. at 650. Accordingly, we affirm the district court's denial of Tiger's motion to withdraw his plea.

*Habeas corpus motion and motion to reconsider under K.S.A. 60-259(f)*

Tiger claims the district court erred in determining his K.S.A. 60-1507 motion was untimely and successive because he was challenging the effectiveness of the attorney who represented him in his prior K.S.A. 60-1507 motion. Tiger's postconviction filings, including multiple K.S.A. 60-1507 motions, have been cumbersome, making it difficult to determine whether Tiger has sufficiently identified the relevant district court ruling for purposes of this appeal. See *Hess*, 254 Kan. at 718.

When the district court summarily dismisses a K.S.A. 60-1507 motion, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). As outlined above, Tiger bears the burden to establish his K.S.A. 60-1507 motion warrants an evidentiary hearing by alleging more than conclusory contentions. See *Noyce v. State*, 310 Kan. 394, 398, 447 P.3d 355 (2019).

Again, Tiger had one year from when his conviction became final to file a motion under K.S.A. 60-1507(f). Tiger's conviction became final when another panel of this court affirmed Tiger's convictions and sentences in *Tiger*, 2015 WL 1513955, at *1, and the mandate was issued in 2015. Based on our review, it appears Tiger is appealing his K.S.A. 60-1507 motion filed with the district court on April 9, 2021—six years after his conviction became final. Clearly, Tiger's motion is untimely. And he fails to argue or explain any basis for extending this time limit under K.S.A. 2020 Supp. 60-1507(f)(2); thus, any such claim is waived or abandoned. See *Arnett*, 307 Kan. at 650.

Further, a sentencing court is not required "to entertain a second or successive motion for similar relief on behalf of the same prisoner." K.S.A. 2021 Supp. 60-1507(c); *Beauclair*, 308 Kan. at 304. "'A [movant] in a 60-1507 motion is presumed to have listed all grounds for relief and a subsequent motion need not be considered in the absence of [a

showing of] circumstances justifying the original failure to list a ground.'" *Trotter*, 296 Kan. at 904.

To avoid dismissal of a second or successive K.S.A. 60-1507 motion, the movant bears the burden of establishing exceptional circumstances. "'Exceptional circumstances are unusual events or intervening changes in the law that prevented the defendant [from] raising the issue'" in a prior K.S.A. 60-1507 motion. *Beauclair*, 308 Kan. at 304. Exceptional circumstances can include ineffective assistance of counsel claims. *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009). Tiger's allegations challenging the representation of his prior K.S.A. 60-1507 counsel—Whalen—fails as Whalen effectively argued *Wright* and a panel of our court previously denied Tiger's claim. *Tiger*, 2021 WL 1045178, at *4, 7. Tiger has failed to establish exceptional circumstances prevented him from raising the issue in his prior motions. Tiger's K.S.A. 60-1507 motion was properly denied as untimely and successive.

> *Motion to reconsider under K.S.A. 60-259(f), motion to alter or amend a judgment, and further claims under K.S.A. 60-1507*

Tiger argues the district court erred in determining it did not have jurisdiction because Tiger had another appeal pending. Tiger essentially suggests each K.S.A. 60-1507 motion creates a new case and, in each case, he can simultaneously file an appeal. Tiger's asserted application of the law governing appeals is without merit.

Tiger next argues his rights were violated when his trial was continued without his knowledge—an issue already raised in previous appeals. The procedural posture regarding this claim is unclear. It appears Tiger filed a K.S.A. 60-1507 motion and the district court denied the motion on April 15, 2021. Tiger then appealed the summary denial of his K.S.A. 60-1507 motion, which is addressed in the previous subsection above. Tiger filed a timely motion to reconsider the summary denial of his K.S.A. 60-

8

1507 motion on April 22, 2021, and filed a second, untimely motion to reconsider on June 24, 2021. A motion to alter or amend a judgment, filed within 28 days of the entry of judgment, tolls the time for appeal. *State v. Swafford*, 306 Kan. 537, 540, 394 P.3d 1188 (2017). Both of Tiger's motions to reconsider the K.S.A. 60-1507 motion asserted claims already alleged in prior motions, including a speedy trial violation and that prior K.S.A. 60-1507 counsel improperly argued *Wright.* For the reasons stated in the previous section, we find the district court did not err.

> *Motion to correct illegal sentence and motion to reconsider motion to correct illegal sentence*

Once again, Tiger is trying to misapply the law as each district court in this state has jurisdiction to resolve major crimes committed in its county. Here, Tiger presents an argument the district court did not have jurisdiction over him as a Native American for crimes committed on Native American land. Tiger's claim is conclusory and without merit. Whether a sentence is illegal within the meaning of K.S.A. 2021 Supp. 22-3504 turns on interpretation of the revised Kansas Sentencing Guidelines Act, K.S.A. 2021 Supp. 21-6801 et seq. See *State v. Dickey*, 305 Kan. 217, 220, 380 P.3d 230 (2016). An "'[i]llegal sentence'" as defined by K.S.A. 2021 Supp. 22-3504(c)(1) is "a sentence: Imposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." Whether jurisdiction exists is a question of law subject to unlimited review. *In re Care & Treatment of Emerson*, 306 Kan. 30, 34, 392 P.3d 82 (2017).

> "Criminal jurisdiction over offenses committed in 'Indian country,' 18 U.S.C.
> § 1151, 'is governed by a complex patchwork of federal, state, and tribal law.' The Indian
> Country Crimes Act, 18 U.S.C. § 1152, extends the general criminal laws of federal
> maritime and enclave jurisdiction to Indian country, except for those 'offenses committed

by one Indian against the person or property of another Indian.' [Citations omitted.]" *Negonsott v. Samuels*, 507 U.S. 99, 102, 113 S. Ct. 1119, 122 L. Ed. 2d 457 (1993).

Tiger relies on *McGirt v. Oklahoma*, 591 U.S. ___, 140 S. Ct. 2452, 207 L. Ed. 2d 985 (2020), without providing much, if any, analysis. In *McGirt*, the United States Supreme Court explained land designated as an Indian reservation maintains such status until Congress explicitly states otherwise. 140 S. Ct. at 2469. Congress explicitly conferred jurisdiction on the State of Kansas in 18 U.S.C. § 3243 (1948):

> "Jurisdiction is conferred on the State of Kansas over offenses committed by or against Indians on Indian reservations, including trust or restricted allotments, within the State of Kansas, to the same extent as its courts have jurisdiction over offenses committed elsewhere within the State in accordance with the laws of the State.
> "This section shall not deprive the courts of the United States of jurisdiction over offenses defined by the laws of the United States committed by or against Indians on Indian reservations."

The United States Supreme Court explained "[18 U.S.C. § 3243] quite unambiguously confers jurisdiction on the State over major offenses committed by or against Indians on Indian reservations." *Negonsott*, 507 U.S. at 110. Congress has clearly given jurisdiction to Kansas over acts committed by Indians in Kansas whether on Indian reservations, including trusts or restricted allotments. We have been unable to find any indication South Wichita, where Tiger's acts occurred, was an Indian reservation, trust, or restricted allotment. Tiger's argument fails on this point as the State had jurisdiction over him even as a member of the Creek Nation for the acts he committed in South Wichita.

*Tiger's Rule 6.09 Letters Will Not Be Considered*

Tiger filed with our court four letters of supplemental authority under Supreme Court Rule 6.09 (2022 Kan. S. Ct. R. at 40), all seemingly expanding on an issue raised

10

in his brief on appeal. Tiger improperly uses his Rule 6.09 letters to further assert the State lacked jurisdiction because the incident occurred between two Indians on Indian land. The purpose of a Rule 6.09 letter is to allow a party to "advise the court, by letter, of citation to persuasive or controlling authority that has come to the party's attention after the party's last brief was filed." Rule 6.09(a)(1) (2022 Kan. S. Ct. R. at 40). "[A] letter submitted under [Rule 6.09] must not exceed 350 words. The letter may not be split into multiple filings to avoid the word limitation." Rule 6.09(b) (2022 Kan. S. Ct. R. at 41). Rule 6.09 was not intended to be used as another briefing opportunity, as Tiger has repeatedly done here, or to break up an argument into multiple filings so as not to exceed the filing limit of 350 words. See *State v. Herbel*, 296 Kan 1101, 1125, 299 P.3d 292 (2013) (filing of multiple Rule 6.09 letters to avoid word limitation "incorrect application" of rule); *State v. Houston*, 289 Kan. 252, 277, 213 P.3d 728 (2009) ("Rule 6.09 was not intended to be . . . used as yet another briefing opportunity."). Because Tiger's use of the letters was improper under Rule 6.09(b), they will not be considered. See 289 Kan. at 277 ("The appellate courts will not consider those parts of a Rule 6.09 letter that fail to comply with the rule.").

*Conclusion*

A thorough review of the motion, files, and case records conclusively shows Tiger is not entitled to relief. All of Tiger's motions were untimely and successive because they had been previously addressed by the district court and/or by prior panels of our court, which affirmed the various prior rulings below. Tiger's convictions will not change with the repetitive filing of motions for relief under K.S.A. 60-1507. The record reflects he was provided with effective assistance of both trial and appellate counsel. The fact he is now dissatisfied with the results of his case and the punishment imposed does not provide him with repetitive avenues to seek relief.

Affirmed.